# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| IN RE SARAH KAY BRANNAN, | ) | Bankr. No. 13-bk-51247 |
| Debtor. | ) | Adv. No. 13-ap-05058 |
| ——————————————————— | ) | |
| AMANDA D. MORRISON, | ) | |
| Appellant, | ) | 3:15-cv-00470-RCJ |
| vs. | ) | **OPINION AND ORDER** |
| SARAH KAY BRANNAN, | ) | |
| Appellee. | ) | |
| ——————————————————— | ) | |

This is an appeal of an order of the Bankruptcy Court denying reconsideration of an order of contempt issued in an adversary proceeding. The Court has jurisdiction under 28 U.S.C. § 158(a).

## I. PROCEDURAL HISTORY

### A. Background

Amanda Morrison sued Sarah Brannan and Brannan's employer, Wells Fargo Bank, N.A. ("Wells Fargo"), in state court for defamation, invasion of privacy, negligence, breach of contract, and other torts. Brannan had used her position at Wells Fargo to illegally access

1   Morrison's personal information and had used that information to harass Morrison on the

2   Internet and otherwise.  Defendants removed, and the case was assigned to the Hon. Edward C.

3   Reed, Jr. (Case No. 3:09-cv-552).  Wells Fargo moved to dismiss, and Judge Reed granted the

4   motion in part.  Morrison and Wells Fargo settled the remaining claims at a settlement

5   conference.  The Clerk entered default against Brannan, and Judge Reed orally granted

6   Morrison's motion for default judgment against Brannan in part, soliciting a proposed form of

7   judgment, a motion for attorney's fees, and a bill of costs.  Morrison complied.  Judge Reed,

8   unfortunately, was in poor health at the time and was unable to take action on those filings.  The

9   case was reassigned to this Court.  The Court granted the motion for attorney's fees in part, and

10  the Clerk taxed costs without objection.  On July 7, 2013, Morrison filed a corrected form of

11  judgment, as directed by chambers.  Brannan filed a notice of bankruptcy the next day, indicating

12  that she had filed for Chapter 7 bankruptcy protection in this District on June 21, 2013 (Case No.

13  13-bk-51247).  The Court entered judgment in the '552 Case on November 6, 2014.

14       Morrison later asked the Court to vacate the judgment as void under Rule 60(b)(4),

15  because the automatic stay under 11 U.S.C. § 362(a) was in effect when the judgment was

16  entered.  The Court denied the motion because the judgment had been entered after Brannan

17  received her Chapter 7 discharge and the stay had evaporated.  Morrison had filed the motion to

18  vacate in order to help satisfy the bankruptcy judge that she was doing everything she could to

19  vacate the judgment, as the bankruptcy court had indicated she may have violated the automatic

20  stay by continuing to prosecute the '552 Case after Brannan filed her bankruptcy petition.  This

21  Court noted that it perceived no malfeasance, but that the question was for the Bankruptcy Court

22

23

24

in the first instance.  But it was clear that this Court's judgment was not void for having been entered in violation of any stay under § 362(a).  Nor had the judgment been discharged in bankruptcy, because the "judgment" listed in Schedule F of Brannan's petition had not been entered until after discharge.  Only the claims in the '552 Case existed at the time of discharge, not any judgment.  The Court noted that the Bankruptcy Court could have discharged claims that had not yet been reduced to judgment.  It did not purport to discharge claims, however, but a yet-non-existent "judgment."  It therefore had not discharged either the unlisted claims or the listed but yet-non-existent judgment.  The Court declined to vacate the judgment under those circumstances, noting that the Bankruptcy Court was in a position to proceed appropriately.  Specifically, the bankruptcy case had been reopened because the present adversary proceeding was still open and could affect the discharge.

In the present adversary proceeding, Morrison seeks a determination of non-dischargeability as to the claims in the '552 Case under § 523(a)(6) insofar as it was based on Brannan's willful or malicious acts.  The Court noted that when the § 523(a)(6) claim was determined, the Bankruptcy Court would presumably amend the discharge (or not), accordingly.  The Bankruptcy Court ruled that the default judgment in the '552 case was not entitled to preclusive effect in the bankruptcy case under Circuit law and ruled for Brannan on the underlying claims after a trial.

## B.    The Present Appeal

The present interlocutory appeal does not concern the § 523(a)(6) claim—Morrison's separate appeal as to her loss on that claim is pending before Judge Du—but the Bankruptcy

Court's denial of a motion to reconsider its order of contempt entered against Morrison's counsel ("Counsel").  At a February 13, 2015 hearing, the Bankruptcy Court found Counsel in contempt based on his "failure to affirmatively act and withdraw his submission request in [the '552 Case]," also finding that he was "in violation of the discharge injunction for filing a notice of entry of order in [the '552 Case] on January 8, 2015." (*See* Order 2, Feb. 27, 2015, ECF No. 48 in Adv. No. 13-ap-5058).  The Bankruptcy Court imposed damages of $700 (actual damages for attorney's fees in remedying the automatic stay violation) and punitive damages of $10 per day from the day Counsel learned of the bankruptcy filing until the day he filed his motion to void the judgment in the '552 Case. (*See id.*).  Counsel filed the required motion to vacate in the '552 Case the same day, February 13, 2015.  Accordingly, the total sanction, which counsel paid, came to $6,590.  This Court entered the order denying the motion to vacate in the '552 Case on February 19, 2015, and the Bankruptcy Court entered the contempt order into its docket on February 27, 2015.

Counsel later filed a motion to reconsider the contempt order under Rule 60(b)(1), (5) or (6), arguing that this Court's ruling in the '552 Case that the judgment in that case was not void because it had not been entered in violation of the stay under § 362(a) had "reversed" the Bankruptcy Court's finding of such a violation, and there was therefore no basis for the contempt order.  Counsel also argued that the period of the sanction, which extended until Counsel filed the motion to vacate in the '552 Case, impermissibly exceeded the stay violation itself, which necessarily ended when the automatic stay ended on September 17, 2013, the date of the discharge.  Counsel also argued that the sanction was disproportionate and excessive and that

1    sanctions were not permitted, as there were no actual damages.  The Bankruptcy Court denied

2    the motion in the same order in which it denied the cross-motions for summary judgment on the

3    § 523(a)(6) claim.  Morrison appeals the denial of the Rule 60(b) motion.

4    **II.        STANDARD OF REVIEW**

5            A bankruptcy court's conclusions of law, including its interpretations of the bankruptcy

6    code, are reviewed de novo, and its factual findings are reviewed for clear error. *See Blausey v.*

7    *U.S. Tr.*, 552 F.3d 1124, 1132 (9th Cir. 2009).  A reviewing court must accept the bankruptcy

8    court's findings of fact unless it is left with the definite and firm conviction that a mistake has

9    been committed. *See In re Straightline Invs., Inc.*, 525 F.3d 870, 876 (9th Cir. 2008).

10   **III.       ANALYSIS**

11           At the hearing, Appellant agreed on the record to settle the present appeal in exchange for

12   Appellee seeking no additional damages, e.g., attorney's fees for defending the sanctions order in

13   this Court or elsewhere.  The Court therefore affirms but notes that it would be inclined to

14   reverse in part and remand had the parties not agreed to settle.  Section 362(k) permits actual

15   damages caused by a stay violation. *See, e.g.*, *America's Servicing Co. v. Schwartz-Tallard*, 438

16   B.R. 313, 321 (D. Nev. 2010) (Navarro, J.).  The $700 in attorney fees is therefore

17   unobjectionable to the extent it rested on proof of fees actually paid (or billed) as opposed to an

18   estimate of reasonable fees. *See id.*  However, the sanctions order could only support the $10

19   daily penalty (the type of sanction that is appropriate only for continuing contumacious behavior)

20   as "punitive damages" under § 362(k), and there was no evidence in this case of the kind of

21   recklessness or callousness required to support that penalty. *See In re Snowden*, 769 F.3d 651,

22

23

24

657 (9th Cir. 2014).  Counsel's acts in this case were at worst negligent.  Counsel's only culpable

act was a failure to ask this Court to vacate a judgment until ordered to do so by the Bankruptcy

Court, an order with which Counsel promptly complied.  As recounted, *supra*, the Court had

ordered Counsel to resubmit the proposed judgment in the underlying case when the case was

reassigned from Judge Reed.  Counsel simply complied with the Court's order at a time when the

dischargeability of the judgment was still contested.  Sixteen months later, this Court entered the

still-pending proposed judgment as a housekeeping matter, not at Counsel's further urging, and

there is no evidence Counsel ever attempted to execute on the judgment.  Moreover, there is no

evidence at all of any damages to Debtor apart from attorney's fees incurred in compelling

Counsel to attempt to have this Court's judgment vacated.  Finding Counsel's actions to have

been reckless or callous so as to support punitive damages under the circumstances was an abuse

of discretion.

## CONCLUSION

IT IS HEREBY ORDERED that the Order of the Bankruptcy Court (ECF No. 90 in Adv.

No. 13-ap-5058) as to the Motion to Reconsider (ECF No. 71 in Adv. No. 13-ap-5058) is

AFFIRMED.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated:  This 20th day of December, 2016.

_____
ROBERT C. JONES
United States District Judge